IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TRINA BUCHOLZ, n.k.a. TRINA SADLER,

        Plaintiff,                              CV-10-778-ST

     v.                                     FINDINGS AND
                                            RECOMMENDATION

LIBERTY MUTUAL INSURANCE CO.,

        Defendant.

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiff, Trina Bucholz, filed an action on June 14, 2010, against defendant, Liberty Mutual Insurance Company, in Washington County Circuit Court, State of Oregon, alleging two claims for relief: (1) breach of contract of defendant's Group Health Plan and (2) conversion of plaintiff's payments for continuing coverage. Defendant timely removed that action to this

1 - FINDINGS AND RECOMMENDATION

court, asserting jurisdiction under 42 USC § 1331 because plaintiff's claims arise under the Employee Retirement Income Securities Acts ("ERISA"), 20 USC § 1001, *et seq*.

On July 14, 2010, defendant filed a Motion to Dismiss the Complaint (docket #4), arguing that plaintiff's state law claims are preempted under ERISA and extra-contractual relief is unavailable under ERISA. Defendant asks that the claim for benefits be dismissed with leave to file an amended complaint and the allegations for extra-contractual relief be dismissed with prejudice. On July 27, 2010, the court granted plaintiff's unopposed motion for an extension of time to file a response and set the response date for August 15, 2010, and reply date for September 2, 2010. The court also granted the motion by plaintiff's attorney to withdraw as attorney of record and, as of July 28, 2010, plaintiff has proceeded *pro se*. Plaintiff filed neither a response nor a reply. For the reasons set forth below, defendant's motion should be granted.

## **STANDARDS**

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FRCP 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 SCt 1937, 1949 (May 18, 2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*, quoting *Twombly*, 550 US at 555. In order to survive a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570.

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995). In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions which are attached to, or incorporated by reference into, the complaint, as well as matters capable of judicial notice. *Knievel v. ESPN*, 393 F3d 1068, 1076 (9th Cir 2005); *Branch v. Tunnell*, 14 F3d 449, 454 (9th Cir), *cert denied*, 512 US 1219 (1994), overruled *sub nom.*, *Galbraith v. County of Santa Clara*, 307 F3d 1119 (9th Cir 2002). The court need not accept as true allegations in the complaint that contradict these sources. *Lazy Y Ranch, Ltd., v. Behrens*, 546 F3d 580, 588 (9th Cir 2008), citing *Sprewell v. Golden State Warriors,* 266 F3d 979, 988 (9th Cir 2001).

## ALLEGATIONS

Plaintiff alleges that in April 2008 she accepted defendant's offer for continuing coverage under the Group Health Plan as allowed by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"). Complaint, ¶¶ 4 & 8. She paid defendant $1,225.54 for this continuing coverage. *Id*, ¶ 8. In May 2008 she received medical treatment that, she asserts, the Group Health Plan should have covered but did not. *Id*, ¶ 10. The unpaid bills were sent to collection agencies. *Id*, ¶ 9.

Plaintiff alleges that defendant breached its agreement to maintain her health insurance coverage when it failed to make her payments for continuing coverage to insurance provider Blue Cross Blue Shield of Massachusetts. *Id*, ¶ 11. Further, she alleges that defendant's actions constituted conversion by intentionally exercising dominion and control over her payments and

3 - FINDINGS AND RECOMMENDATION

willfully misdirecting or failing to direct the amount to be paid to the rightful recipient. *Id*, ¶¶ 14-15. Plaintiff seeks to recover damages for her medical expenses plus interest, collection agency fees, and damages to her credit score. *Id*, ¶ 16.

## FINDINGS

**I.    ERISA Preemption**

The court must first determine whether the Plan is governed by ERISA, and if so, whether any claims are preempted.

**A.    Scope of ERISA**

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 USC § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.

ERISA defines the term "employee welfare benefit plan" as a "plan . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death . . . ." 29 USC § 1002(1)(A). ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce." 29 USC § 1003(a). ERISA was amended in 1985 with the passage of COBRA that authorized a qualified beneficiary of an employer's group health plan to obtain continuing coverage under the plan when she might otherwise lose that benefit for certain reasons, such as

termination of employment.  29 USC §§ 1161-69; *Geissal v. Moore Med. Corp.*, 524 US 74, 76 (1998).

Merely extending benefits does not necessarily create an ERISA plan.  *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F3d 933, 939 (9th Cir 2003), citing *Donovan v. Dillingham*, 688 F2d 1367, 1373 (11th Cir 1982) (*en banc*).  Rather, "the benefits must be offered pursuant to an organized scheme," and "the terms of the offer, in the context of the relevant surrounding circumstances, must enable a reasonable person to discern the basic elements of the benefits scheme."  *Id.*  These elements include "'the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'"  *Id*, quoting *Donovan*, 688 F2d at 1373.

A review of the Liberty Mutual Medical Plan Summary Plan Description ("Plan Summary") demonstrates that defendant's Plan is within the scope of ERISA.[1]  According to the "General Provisions" in the Plan Summary, "[t]he Liberty Mutual Medical Plan is a group health plan," "[t]he Medical Plan offers participation to employees of the Company and its subsidiaries" and the "[b]enefits are to be paid out of the Company's general assets."  Devlyn Decl., Ex. A, p. 69.  Further, it informs participants that they have rights under ERISA,  Under the heading "Rights of Plan Participants," it states:  "[A]s a participant in the Medical Plan you are entitled to certain rights and protections under [ERISA]."  *Id*, p. 63.  Thus, the Plan falls with the definition of an ERISA plan as "established or maintained by an employer  . . . for the purpose of providing for its participant . . .medical, surgical, or hospital care benefits or benefits in the event of sickness."  29 USC § 1002(a).

---

[1] Plaintiff did not attach the Plan Summary to her Complaint, but did incorporate it by reference.  Complaint ¶ 4.  With its Motion to Dismiss, defendant submitted the Declaration of Hugh Devlyn that attaches "a true and correct copy" of the Plan Summary as Exhibit A.  This document is not contested.  Thus, the court may consider this Plan Summary in ruling on defendant's motion.

Plaintiff also admits that the Plan is covered by ERISA by alleging that her rights to coverage derive from COBRA. Complaint ¶ 4 ("That because Plaintiff properly exercised her right to continuing coverage under COBRA, Defendant was required to maintain Plaintiff's membership in Defendant's Group Health Plan.") Thus, ERISA governs the Plan.

### B. Preemption of State Law Claims

Because the Plan is governed by ERISA, the next issue is whether ERISA preempts any of the claims alleged in the Complaint. Given the controlling authority on point, this court concludes that it does.

Section 1144(a) of ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 USC § 1144(a); *Cleghorn v. Blue Shield of Cal.*, 408 F3d 1222, 1225 (9th Cir 2005). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 US 85, 96-97 (1983). This is so "'even if the law is not specifically designed to affect such plans, or the effect is only indirect[.]'" *District of Columbia v. Greater Wash. Bd. of Trade*, 506 US 125, 129-30 (1992), quoting *Ingersoll-Rand Co. v. McClendon*, 498 US 133, 139 (1990). When analyzing whether common-law claims have a "reference to" an ERISA governed plan, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Providence Health Plan v. McDowell*, 385 F3d 1168, 1172 (9th Cir 2004) (citation omitted), *cert denied*, 544 US 961 (2005). The Ninth Circuit applies the "relationship test" in determining whether a common law claim has a "connection with" an employee benefit plan. *Id*. Under this test, "the emphasis is on

6 - FINDINGS AND RECOMMENDATION

the genuine impact that the action has on a relationship governed by ERISA, such as the relationship between the plan and a participant." *Id*.

In determining whether particular state law claims are preempted by ERISA, the Supreme Court has emphasized that courts "must go beyond the unhelpful text and the frustrating difficulty of defining its key term [*i.e.*, "relates to"], and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 US 645, 656 (1995). Consequently, "[t]he Supreme Court has held that ERISA preempts state common law tort and contract causes of action asserting improper processing of a claim for benefits under an insured employee benefit plan." *Bast v. Prudential Ins. Co. of Am.*, 150 F3d 1003, 1007 (9th Cir 1998), citing *Pilot Life Ins. Co. v. Dedeaux*, 481 US 41, 57 (1987), *cert denied*, 528 US 870 (1999). The Ninth Circuit also has held "that state law tort and contract claims as well as violations of a state insurance statute are preempted by ERISA." *Id*, citing *Tingey v. Pixley-Richards West, Inc.*, 953 F2d 1124, 1131 (9th Cir 1992); *see also Aetna Life Ins. Co. v. Bayona*, 223 F3d 1030, 1034 (9th Cir 2000) ("'ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract.'"), quoting *Ellenburg v. Brockway, Inc.*, 763 F2d 1091, 1095 (9th Cir 1985); *Cutler v. Phillips Petroleum*, 124 Wash2d 749, 763, 881 P2d 216, 224 (1994) (holding that ERISA preempted common law claims for negligence, outrage, breach of contract, negligent misrepresentation and fraud which are based upon an interference with an attainment of benefits under an ERISA-governed plan), cited favorably in *Bast*, 150 F3d at 1008.

Plaintiff's claims for breach of contract and conversion are clearly preempted by ERISA. The breach of contract claim alleges that defendant failed to maintain her health insurance coverage when it failed to pay the insurance provider for coverage under COBRA. The conversion claim alleges that defendant willfully misdirected or failed to direct her continuing coverage payments to the rightful recipient. These claims "relate to" plaintiff's ERISA-governed Plan as they are premised on the existence of that Plan. *See Providence Health Plan*, 385 F3d at 1172. Because her claims are preempted by ERISA, they should either be construed as ERISA claims or be dismissed with leave to replead as claims under ERISA.

## II.     **Extra-Contractual Relief**

In both claims, plaintiff seeks damages related to collection agency fees and damage to her credit score. Complaint, ¶¶ 12, 16. Defendant seeks dismissal of those allegations with prejudice because such relief is not available under ERISA.

ERISA provides that a civil action may be brought "by a participant . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 USC § 1132(a)(1), as well as "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" or "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter of the terms of the plan." 29 USC § 1132(a)(3). The Supreme Court explained, "[t]he deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly in favor for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." *Pilot Life Ins. Co.*, 481 US at 54.

Relief for damages to a credit score and costs incurred from collection agency fees are not among the remedies allowed by ERISA. Because the ERISA civil enforcement provision does not allow these forms of relief, they should be dismissed with prejudice. Instead, plaintiff is limited to a claim under ERISA to recover benefits due under the Plan and equitable relief.

## III.     Exhaustion Requirement

Defendant argues that even if plaintiff's claims are construed as claims under ERISA, they must be dismissed because plaintiff has not alleged an exhaustion of her administrative remedies. The Ninth Circuit explains the exhaustion doctrine as follows:

> [A] claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court. *Amato v. Bernard*, 618 F2d 559, 566-68 (9th Cir.1980). Although not explicitly set out in the statute, the exhaustion doctrine is consistent with ERISA's background, structure and legislative history and serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise. *Id.* at 566-68. "Consequently the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and [ ] as a matter of sound policy they should usually do so." *Id.* at 568.

*Diaz v. United Agric. Employee Welfare Benefits Plan and Trust*, 50 F3d 1478, 1483 (9th Cir 1995).

The court may grant exceptions in some circumstances, such as when resorting to the administrative route is futile or the remedy is inadequate. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F3d 620, 626-27 (9th Cir 1995), citing *Amato v. Bernard*, 618 F2d 559, 568 (9th Cir 1980).

9 - FINDINGS AND RECOMMENDATION

Because there is no indication that plaintiff has exhausted her administrative remedies, her Complaint should be dismissed with leave to file an amended complaint that complies with the requirements for pleading an ERISA claim, including her exhaustion of administrative remedies.

## RECOMMENDATION

Defendant's Motion to Dismiss (docket #4) should be GRANTED, with leave to file an amended complaint in 30 days that complies with ERISA's pleading requirements, and the allegations to recover damages for collection agency fees and damage to plaintiff's credit score should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 18, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

///

///

///

///

## NOTICE

10 - FINDINGS AND RECOMMENDATION

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 30th day of September, 2010.

                                                s/ Janice M. Stewart_____
                                                Janice M. Stewart
                                                United States Magistrate Judge